JASON M. HABERMEYER (Cal. Bar No. 226607)
 HabermeyerJ@sec.gov
KAREN KREUZKAMP (Cal. Bar No. 246151)
 KreuzkampK@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, California 94104
Telephone:  (415) 705-2500
Facsimile:  (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES MICHAEL MURRAY,<br><br>    Defendant,<br>  and<br><br>EVENT TRADING GP, LLC,<br><br>    Relief Defendant. | Case No. CV-12-1288-EMC<br><br>PLAINTIFF'S AND RELIEF DEFENDANT EVENT TRADING GP, LLC'S UPDATED JOINT CASE MANAGEMENT CONFERENCE STATEMENT<br><br><u>Case Management Conference</u><br>Date:  June 23, 2016<br>Time: 11:30 a.m.<br>Honorable Edward M. Chen<br>Courtroom 5, 17th Floor |

Pursuant to Civil Local Rule 16-9 of the United States District Court for the Northern District of California, plaintiff Securities and Exchange Commission ("Commission") and relief defendant Event Trading GP, LLC ("Event Trading") submit the following Joint Updated Case Management Statement.[1]

---

[1] Defendant James Michael Murray is incarcerated and proceeding *pro se* in this matter. Accordingly, pursuant to Civil Local Rule 16-9(a), the Commission and Event Trading submit this joint statement.

1. **Jurisdiction and Service**

This Court has jurisdiction over the Commission's claims, all brought under federal securities laws, pursuant to Sections 20(b) and 22(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77t(b) and 77v(a)], Sections 21(d), 21(e) and 27 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78u(d), 78u(e), and 78aa], and Sections 209 and 214 of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-9 and 80b-14]. No issues have been raised regarding personal jurisdiction or venue. Defendant has been served with the Commission's original Complaint, its First Amended Complaint, and its Supplemental First Amended Complaint. *See* Dkt. Nos. 8, 16, and 64. Event Trading has been served with the Supplemental First Amended Complaint. *See* Dkt. No. 64.

2. **Facts**

This case concerns alleged violations of the federal securities laws by defendant James Michael Murray. As alleged in the Commission's Supplemental First Amended Complaint, Murray was the sole member of and investment adviser to Market Neutral Trading, LLC, an investment fund he controlled. The Commission's complaint alleges that in 2008, Murray raised approximately $2 million from three investors and distributed to investors a purported audit report from a firm named Jones, Moore & Associates Ltd. ("JMA"). In fact, JMA was a fictitious firm created by Murray that falsely conveyed the financial condition of Market Neutral Trading, LLC.

The complaint also alleges that in 2011 and 2012, Murray raised an additional $3 million from at least eight investors. The complaint alleges that Murray solicited these investors using financial statements and marketing materials that materially misstated the financial condition and performance of the fund, as well as the amount of assets it had.

Finally, the complaint also named Event Trading as a relief defendant. Event Trading is a separate entity and the owner of a brokerage account in which proceeds from trades made by Murray on an account owned by MNT Master Fund Ltd., a separate entity from Market Neutral Trading, LLC, were placed.

On August 28, 2012, this Court issued an order granting Murray's motion to stay the proceedings in this case pending the resolution of a related criminal proceeding against him in this

Court (*United States v. Murray*, Case No. 3:12-cr-00278-EMC (N.D. Cal.)) (the "Criminal Action"). The trial in the Criminal Action resulted in Murray's conviction on all 23 counts with which he was charged. On April 6, 2016, this Court sentenced Murray to 180 months in prison and ordered Murray to pay restitution in the amount of $3,480,479.90. The Court entered a final judgment in the matter on April 8, 2016. It is therefore appropriate to lift the stay in this case against Defendant and resume the litigation. At the April 21, 2016 Case Management Conference in this case, the Court lifted the stay as to Event Trading.

**3. Legal Issues**

The principal legal issue at this stage of the litigation is whether the Commission is entitled to summary judgment on collateral estoppel grounds based on defendant's criminal conviction. In general, the relevant legal issues relate to whether the facts alleged by the Commission support the claims, including the following issues:

A. Whether defendant is liable under Section 10(b) and Rule 10b-5 of the Exchange Act, in connection with the purchase or sale of securities, by employing a device, scheme, or artifice to defraud, by making false statements, or by engaging in a deceptive act, practice, or course of business. *See* 15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b-5.

B. Whether defendant is liable under Section 17(a) of the Securities Act, in the offer or sale of securities, by employing any device, scheme, or artifice to defraud, by obtaining money or property by means of any untrue statement, or by engaging in any transaction, practice, or course of business which operates as a fraud or deceit. *See* 15 U.S.C. § 77q(a).

C. Whether defendant is liable under Section 206(4) and Rule 206(4)-8 of the Advisers Act, by (a) making untrue statements of a material fact or omitting to state a material fact necessary to make the statements made not misleading, to investors in a pooled investment vehicle and (b) engaging in acts, practices, or courses of business that are fraudulent, deceptive, or manipulative with respect to investors in a pooled investment vehicle. *See* 15 U.S.C. §80b-6; 17 C.F.R. § 275.206(4)-8.

**Relief Defendant Event Trading GP, LLC's Position:**

With regards to the Netflix trades, relief defendant Event Trading disputes that these trades were conducted as part of the deceptive practices listed above in Sections A, B, and C.

Relief defendant Event Trading contends that MNT Master Fund, Ltd. is a separate legal entity from Market Neutral Trading, LLC, with different ownership. Event Trading acknowledges that Mr. Murray served as a fund manager for both MNT Master Fund, Ltd. and Market Neutral Trading, LLC, and that he was a Director and part owner of MNT Master Fund, Ltd.

Additionally, relief defendant Event Trading contends that the Netflix trades were conducted by Mr. Murray in his role as a fund manager for MNT Master Fund, Ltd. on behalf of a single client, Joseph Gianluca de Francisci (hereinafter, Gianluca de Francisci), and that the proceeds of the Netflix trade were therefore the property of Gianluca de Francisci, and not MNT Master Fund, Ltd. When these funds were transferred to relief defendant Event Trading (a California limited liability company solely owned by Giovanni de Francisci, Gianluca de Francisci's son), ownership of these funds did not change, Gianluca de Francisci became a client of relief defendant Event Trading.

Relief defendant Event Trading notes that ownership of the funds from the Netflix trades were specifically not litigated in the criminal case and that neither Event Trading nor Gianluca de Francisci were represented at the criminal trial, but determination of the ownership of the funds is essential to the position of Event Trading in this case.

**4. Motions**

The Commission intends to move for summary judgment against defendant Murray based on the collateral effect of the criminal conviction now that the defendant has been sentenced and final judgment has been entered in the Criminal Action and once the stay in this case is lifted.

The Commission also believes that the issue of the Event Trading proceeds from the Netflix trades, which are currently frozen per this Court's January 8, 2013 order (*see* Dkt. No. 58) may be resolved by summary judgment following the targeted discovery allowed by the Court at the April 21, 2016 Case Management Conference if the parties are not otherwise able to come to a resolution. Relief defendant Event Trading does not agree with this position based on their belief that the issue of the ownership of these funds has not been adequately litigated.

**5. Amendment of Pleadings**

The Commission does not anticipate amending the complaint. Defendant has not yet filed an answer in this case.

**6. Evidence Preservation**

All Commission personnel involved in this matter have been instructed to preserve all materials relevant to this action.

**7. Disclosures**

The Commission served its Initial Disclosures on defendant on July 17, 2012, and re-served the Initial Disclosures on defendant's counsel on July 30, 2013. The Commission attempted to serve its supplemental Initial Disclosures on defendant on May 16, 2016. Those documents were returned to sender as being undeliverable on June 6, 2016 and the Commission does not know defendant's whereabouts at this time. Defendant has not served his Initial Disclosures upon the Commission.

The Commission served its Initial Disclosures on Event Trading on May 6, 2016. Event Trading has not served its Initial Disclosures upon the Commission.

**8. Discovery**

Prior to filing, the Commission conducted an investigation. No discovery has occurred in this case to date, and the Commission does not believe discovery is necessary as against defendant in this matter in light of defendant's criminal conviction. As such, the Commission anticipates filing a motion for summary judgment on collateral estoppel grounds based on the conviction.

Relief defendant Event Trading does believe that some discovery is necessary to obtain information relative to its defense. Event Trading contends that because ownership of the frozen assets was explicitly not determined during the criminal trial and because neither Event Trading nor Gianluca de Francisci were represented at the criminal trial, it is not estopped from asserting ownership of these funds during this litigation. As discussed above, the Commission believes that the issue is suitable for resolution through summary judgment following the targeted discovery allowed by the Court at the April 21, 2016 Case Management Conference, if the parties are otherwise unable to reach a resolution. The Commission does not recommend any changes to the limits on discovery under the Federal Rules or Local Rules.

### 9. Class Actions

This case is not a class action.

### 10. Related Cases

Defendant was prosecuted for much of the same conduct at issue in a related criminal case before this Court, *United States v. Murray*, Case No. 3:12-cr-00278-EMC.

### 11. Relief

In this action the Commission seeks a permanent injunction against Murray prohibiting future violations of the applicable federal securities laws. The Commission is also seeking an order against Murray and Event Trading to disgorge any wrongfully obtained benefits, including prejudgment interest. Finally, the Commission also seeks civil penalties against Murray in an amount to be determined by the Court.

### 12. Settlement and ADR

There have been no substantive settlement or ADR efforts to date. The Commission has complied with ADR Local Rule 3-5 by filing an ADR certification. *See* Dkt. No. 14. The prospect for settling this matter is not likely, given defendant's criminal conviction and incarceration.

### 13. Consent to Magistrate Judge for All Purposes

The Commission respectfully declines to proceed before a Magistrate Judge for all purposes.

### 14. Other References

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing of Issues

Defendant's criminal conviction forecloses various factual challenges and thus narrows the issues in the case. The Commission will attempt to expedite its presentation of evidence through stipulation where possible. This will include evidence admitted at trial in the Criminal Action without objection by defendant.

Event Trading agrees that the issues are narrow. However, ownership of the proceeds of the Netflix trades was explicitly not determined in the criminal trial. Therefore, Event Trading believes that this issue must be addressed before the frozen assets can be used as part of any relief granted.

**16. Expedited Schedule**

The Commission does not believe this case should be handled under the Expedited Trial Procedure.

**17. Scheduling**

As discussed above, the Commission does not believe discovery is necessary in this matter as against defendant Murray and that summary judgment is appropriate. The Commission also believes that the issue of the frozen proceeds in the Event Trading account is also appropriate for resolution through summary judgment. As such, the Commission proposes that a schedule for the briefing and hearing of the summary judgment motion be discussed at the Case Management Conference.

The Commission also proposes that a trial date be set at a subsequent Case Management Conference to the extent this matter is not resolved on summary judgment.

**18. Trial**

Trial will be to the Court. The Commission estimates that it will take 3-5 full Court days to present its case-in-chief. Event Trading estimates that it will take 1-2 Court days to present its case.

**19. Disclosure of Non-party Interested Entities or Persons**

As a government agency, the Commission is exempt from this disclosure requirement pursuant to Civil Local Rule 3-16(a).

**20. Professional Conduct**

The undersigned attorneys have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. Other Matters**

At this time the parties are not aware of any other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

DATED: June 16, 2016                              Respectfully submitted,


                                                  */s/  Jason M. Habermeyer*
                                                  Jason M. Habermeyer
                                                  Attorney for Plaintiff
                                                  SECURITIES AND EXCHANGE
                                                  COMMISSION



                                                  */s/  Lowell Carson*
                                                  Lowell Carson
                                                  Attorney for Relief Defendant
                                                  EVENT TRADING GP, LLC


In accordance with Local Rule 5-1, each of the signatories to this document have concurred in its filing, and I shall maintain records to support these concurrences.


                                                  /s/ Jason M. Habermeyer
                                                  JASON M. HABERMEYER
                                                  Attorney for Plaintiff
                                                  SECURITIES AND EXCHANGE COMMISSION