UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff,<br><br>  v.<br><br>JAMES MICHAEL MURRAY, et al.,<br><br>  Defendants. | Case No. 12-cv-01288-EMC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STAY CIVIL PROCEEDINGS PENDING CRIMINAL CASE**<br><br>Docket No. 114 |

Defendant James Michael Murray has moved to stay proceedings in this case pending resolution of his related criminal appeal in No. CR-12-0278 EMC. A hearing was held on Mr. Murray's motion on September 22, 2016. This order memorializes the oral rulings made by the Court and provides further analysis as necessary.

*Keating v. Office of Thrift Supervision*, 45 F.3d 322 (9th Cir. 1995), provides the relevant framework for the Court in deciding whether to grant or deny Mr. Murray's stay motion. In Keating, the Ninth Circuit stated as follows:

> The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings. "In the absence of substantial prejudice to the rights of the parties involved, [simultaneous] parallel [civil and criminal] proceedings are unobjectionable under our jurisprudence." "Nevertheless, a court may decide in its discretion to stay civil proceedings . . . 'when the interests of justice seem[] to require such action.'"
>
> The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made "in light of the particular circumstances and competing interests involved in the case." This means the decisionmaker should consider "the extent to which the defendant's fifth amendment rights are implicated." In addition, the decisionmaker should generally consider the following factors: (1) the interest of the plaintiffs in proceeding expeditiously

> with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Id.* at 324-25. "Where trial in the parallel criminal proceeding has concluded, and a conviction is being challenged on appeal, courts are generally more reluctant to stay parallel civil proceedings." *Doe v. City of San Diego*, No. 12-cv-689-MMA-DHB, 2012 U.S. Dist. LEXIS 174773, at *5 (S.D. Cal. Dec. 7, 2012) (noting, inter alia, that "'[t]he appeal process is an uncertain, potentially long-ranging, process'"); *see also Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1214-15 (8th Cir. 1973) (indicating that there is not necessarily a need to halt the civil proceedings where the criminal trial has already concluded).

Having taken into account, *inter alia*, the *Keating* factors, the Court, in the exercise of its discretion, concludes that a stay is not warranted. The criminal trial against Mr. Murray has already been completed. It is unlikely that Mr. Murray's Fifth Amendment rights would be affected by allowing this civil case to proceed pending the criminal appeal, especially as Mr. Murray actually provided testimony during the criminal trial and thus already waived his Fifth Amendment rights therein. Moreover, the SEC is simply asking at this point to litigate its summary judgment motion, which is limited to the issue of whether the criminal judgment has a collateral estoppel effect in this case. Mr. Murray's testimony is not likely needed. Finally, continued delay of this case – which has been pending since 2012 – would be prejudicial to the SEC.

Accordingly, the Court denies Mr. Murray's motion. In so ruling, however, the Court leaves open the possibility that, should the SEC prevail on its summary judgment motion, there may be reason to delay enforcement of the summary judgment order (*i.e.*, disbursement of funds) pending the criminal appeal.

The Court also modifies the briefing and hearing schedule for the SEC's summary judgment motion. Mr. Murray's opposition brief shall be filed and served by October 6, 2016. The SEC's reply brief shall be filed and served by October 20, 2016. The hearing on the SEC's

2

motion for summary judgment shall be held on November 3, 2016, at 9:30 a.m.

Finally, the Court modifies the briefing schedule for the Windsors' motion for fair distribution of funds, which can be found at Docket No. 395 in the criminal case (No. CR-12-0278 EMC). Mr. Murray may now have until October 20, 2016, to file a brief regarding the Windsors' request for relief. **The SEC is ordered to give the U.S. Attorney's Office and the Windsors notice of this modification.**

This order disposes of Docket No. 114.

**IT IS SO ORDERED**.

Dated: September 26, 2016

_____
EDWARD M. CHEN
United States District Judge