UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>          Plaintiff,<br><br>     v.<br><br>JAMES MICHAEL MURRAY, et al.,<br><br>          Defendants. | Case No. 12-cv-01288-EMC<br><br>**ORDER DENYING INTERVENOR DE FRANCISCI'S MOTION TO INTERVENE**<br><br>Docket No. 143 |

On March 15, 2012, the Securities and Exchange Commission filed this lawsuit against Defendant James Michael Murray for defrauding potential and actual investors of Market Neutral Trading, LLC, an investment fund he controlled. Docket Nos. 1, 15, 63. In July 2012, Murray placed trades in a brokerage account in the name of MNT Master Fund, Ltd. at Oppenheimer & Co., and the trades resulted in profits of more than $410,000. Docket No. 63 at ¶¶ 34-35. Murray wired approximately $260,000 of these profits to an account at Interactive Brokers held in the name of Event Trading, which is controlled by Murray. *Id.* at ¶¶ 36-38. On January 8, 2013, this Court froze the Event Trading proceeds, which totaled approximately $363,000 with subsequent trading. Docket No. 58. Pending before the Court is a motion to intervene by Joseph Gianluca de Francisci, who claims ownership interest in the Event Trading proceeds. Docket No. 143.

Rule 24(a) of the Federal Rules of Civil Procedure provides the right to intervene as follows:

> (a) Intervention of right. Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to

> protect that interest, unless the applicant's interest is adequately represented by existing parties.

The Ninth Circuit clarified the requirements of Rule 24(a) as follows:

> (1) [T]he [applicant's] motion must be timely; (2) the applicant must have a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 841 (9th Cir. 2011) (citation omitted). The would-be intervenor must meet all four criteria; "[f]ailure to satisfy any one of the requirements is fatal to the application." *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

Here, the Court need not address the first three requirements because it finds that de Francisci's interests, if any, in the frozen assets are adequately represented by the existing Relief Defendant Event Trading.

In determining the adequacy of representation, the Ninth Circuit considers three factors:

> (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.

*Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003), *as amended* (May 13, 2003) (citation omitted). "The most important factor in determining the adequacy of representation is how the interest compares with the interests of existing parties." *Id.* (citing 7C Wright, Miller & Kane, § 1909, at 318 (1986)). "When an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises." *Id.* (citing *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1305 (9th Cir. 1997)).

A presumption of adequacy attaches here because the existing Relief Defendant Even Trading has the same ultimate objective as de Francisci. De Francisci himself admits in his reply brief that his claim that he is the actual owner of the frozen assets is "a claim supported by Event Trading." Docket No. 149 at 6. Event Trading also agrees that the frozen assets belong to de

Francisci, as follows:

> [R]elief defendant Event Trading contends that the Netflix trades were conducted by Mr. Murray in his role as a fund manager for MNT Master Fund, Ltd. on behalf of a single client, Joseph Gianluca de Francisci (hereinafter, Gianluca de Francisci), and that the proceeds of the Netflix trade were therefore the property of Gianluca de Francisci, and not MNT Master Fund, Ltd. When these funds were transferred to relief defendant Event Trading (a California limited liability company solely owned by Giovanni de Francisci, Gianluca de Francisci's son), ownership of these funds did not change, Gianluca de Francisci became a client of relief defendant Event Trading.

Docket No. 109 at 4.  Moreover, the counsel for Event Trading and de Francisci conceded during the hearing on February 2, 2017 that their arguments would be essentially the same.  Indeed, if Event Trading successfully defeats the Commission's claim for disgorgement, the Court will lift the freeze order, and de Francisci will be able to collect the money via Event Trading in accordance with his and Event Trading's assertions herein.

De Francisci argues that his interests are not adequately represented because Event Trading does not have the same personal stake in the outcome that he does: he alleges that, for Event Trading, a loss would result in a significant loss of business, whereas a loss for de Francisci would deprive him of the actual assets in question.  Docket No. 143 at 4.  This argument fails to rebut the presumption of adequacy, however.  Even though the nature of Event Trading's interest may be different from that of de Francisci, this does not change the fact that they have the same objective. De Francisci fails to show how he would litigate the issue of SEC's claim to disgorgement differently from Event Trading.  Indeed, de Francisci and Event Trading are represented by the same counsel.

Thus, the Court **DENIES** de Francisci's motion to intervene.

The parties shall meet and confer the means to resolve the dispute over the ownership of the frozen assets, *e.g.*, a motion for summary judgment under Rule 56 or a motion for judgment

///

///

///

///

3

1  under Rule 52 with or without live witnesses.  A joint letter of the result of the meet and confer
2  shall be filed by February 9, 2017.  The Court will either issue an order or schedule a telephonic
3  conference call if necessary.
4      This order disposes of Docket No. 143.

6  **IT IS SO ORDERED**.

8  Dated: February 3, 2017

_____
EDWARD M. CHEN
United States District Judge