JASON M. HABERMEYER (Cal. Bar No. 226607)
 HabermeyerJ@sec.gov
JUDITH L. ANDERSON (Cal. Bar No. 124281)
 AndersonJu@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, California 94104
Telephone: (415) 705-2500
Facsimile: (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>          Plaintiff,<br><br>     v.<br><br>JAMES MICHAEL MURRAY,<br><br>          Defendant.<br><br>     and<br><br>EVENT TRADING GP, LLC<br><br>          Relief Defendant. | Case No. 12-cv-01288-EMC<br><br>STIPULATION RE FURTHER PROCEEDINGS RE RELIEF DEFENDANT EVENT TRADING GP, LLC |

Stipulation
SEC v. Murray
Case 12-cv-1288-EMC

1

Securities and Exchange Commission
44 Montgomery Street, Suite 2800
San Francisco, CA 94104
(415) 705-2500

WHEREAS on February 3, 2017, this Court issued an Order Denying Intervenor Joseph Gianluca de Francisci's Motion to Intervene (Dkt. 156) and directed plaintiff Securities and Exchange Commission ("Commission") and Relief Defendant Event Trading GP, LLC ("Event Trading") to meet and confer about the means to resolve the dispute over the ownership of the frozen assets in the Event Trading accounts at Interactive Brokers, and thereafter to submit the result of the meet and confer to the Court by February 9, 2017;

WHEREAS counsel for the parties have met and conferred and have reached agreement on the matters set forth below except as otherwise specified;

1. The parties agree to submit the dispute for resolution by the Court by means of a proceeding without a jury in which the parties would file written submissions of facts and proposed conclusions of law under Rule 52 of the Federal Rules of Civil Procedure, with argument on the motion, if any, to be set at the Court's convenience after the close of briefing;

2. The parties agree that prior to the date set for the Commission's opening submission to the Court, the Commission shall be entitled to conduct the depositions under oath of the two witnesses proposed by Event Trading: Joseph Gianluca de Francisci ("Gianluca de Francisci") and Giovanni de Francisci, as set forth below;

3. The parties agree that Relief Defendant Event Trading shall produce to the Commission all documents on which it intends to rely in this proceeding no later than 14 days before the date of the deposition of Giovanni de Francisci;

4. The parties agree that the deposition under oath of Giovanni de Francisci shall take place before the deposition of Gianluca de Francisci on a mutually agreed date and time during the week of March 13, 2017 at the Commission's office in San Francisco, California;

5. The parties could not agree on the procedure for conducting the deposition of Gianluca de Francisci. Counsel for the Commission has proposed that Gianluca de Francisci, as a witness with a claimed interest in the Event Trading proceeds, appear for deposition in the Commission's office in San Francisco, where this case is being litigated.

Stipulation
SEC v. Murray
Case 12-cv-1288-EMC

2

Securities and Exchange Commission
44 Montgomery Street, Suite 2800
San Francisco, CA 94104
(415) 705-2500

Counsel for Gianluca de Francisci (who also represents Event Trading) represented that his client is an Italian citizen who resides in Monaco and that he does not want to travel to San Francisco for a deposition, citing his age (in his 70s), although counsel was not aware of any specific medical limitations. Counsel proposed that the deposition instead be conducted in the American Consulate in Marseilles, France and would agree that the deposition could be conducted remotely via videoconference and could be videotaped. Counsel further represented that an interpreter will be required.

6. As an agency of the federal government, the Commission is required to adhere to governing treaties and agreements concerning its conduct of depositions in France. Counsel for the Commission has been advised by the Commission's Office of International Affairs that the deposition of Gianluca de Francisci in France must be conducted under the Hague Evidence Convention with the permission of the French Central Authority. The procedural requirements are complex. Initially, a commission must be issued by a court in the United States. The U.S. Embassy or Consulate must have documentation for the proposed deposition at least 45 days prior to the deposition and French translations in order to request permission of the French Central Authority. Thereafter, the Embassy or Consulate must give notice of the date and time of the deposition to the French Ministry of Justice and provide 15 days' notice of the deposition to the parties. The deposition must be held on Embassy or Consulate premises. It is not known whether it would be possible to arrange and schedule a videoconference and a videotaped deposition with the Consulate, particularly given the nine-hour time difference between California and France.

7. In view of the above, the Commission proposed to compromise by holding the deposition at its New York Regional Office. Counsel for Gianluca de Francisci has been unable to reach Mr. de Francisci with this offer, but represented that Giovanni de Francisci believes travel to the United States would be unacceptable. Counsel for Gianluca de Francisci proposed potential alternative locations in Europe, specifically in Switzerland and Italy. The Commission's Office of International Affairs has

Stipulation  
SEC v. Murray  
Case 12-cv-1288-EMC  

Securities and Exchange Commission  
44 Montgomery Street, Suite 2800  
San Francisco, CA 94104  
(415) 705-2500  

3

advised that similar procedural issues would apply in Switzerland, with the additional impediment that a deposition under oath may not be possible. A deposition in Italy would not be permitted under Italian law because Mr. de Francisci does not reside there.

8. Accordingly, while the parties expect to continue discussions, they agree that setting the location and time of the deposition of Gianluca de Francisci may require the Court's intervention and further agree to appear for a status conference to resolve this issue, as the Court deems necessary.

9. The parties agree that the Commission shall file its opening brief with proposed facts and conclusions of law thirty days after the conclusion of the depositions of Giovanni de Francisci and Gianluca de Francisci, whichever is later.

10. The parties agree that Relief Defendant Event Trading shall have thirty days from the date the Commission's brief is filed to file its proposed facts and conclusions of law.

11. The parties agree that the Commission shall have 14 days from the date Event Trading's brief is filed to submit its brief in reply.

NOW, THEREFORE, the parties stipulate and agree and ask the Court to adopt as its Order that:

1. The dispute over the ownership of the frozen assets of Relief Defendant Event Trading shall be resolved by means of a proceeding without a jury in which the parties shall file written submissions of facts and proposed conclusions of law under Rule 52 of the Federal Rules of Civil Procedure, with argument on the motion, if any, to be set at the Court's convenience after the close of briefing, as set forth below.

2. Relief Defendant Event Trading shall produce to the Commission all documents on which it intends to rely in this proceeding no later than 14 days before the date of the deposition of Giovanni de Francisci.

3. The Commission shall be entitled to conduct the deposition under oath of Giovanni de Francisci on a mutually agreed date and time during the week of March 13, 2017 at the Commission's office in San Francisco, California.

Stipulation  
SEC v. Murray  
Case 12-cv-1288-EMC

Securities and Exchange Commission  
44 Montgomery Street, Suite 2800  
San Francisco, CA 94104  
(415) 705-2500

4

4. The Commission shall be entitled to conduct the deposition under oath of Gianluca de Francisci following the deposition of Giovanni de Francisci at a location and time to be set by the Court after conferring with the parties.

5. The Commission shall file its opening brief with proposed facts and conclusions of law thirty days after the conclusion of the depositions of Giovanni de Francisci and Gianluca de Francisci, whichever is later.

6. Relief Defendant Event Trading shall have thirty days from the date the Commission's brief is filed to file its brief with proposed facts and conclusions of law.

7. The Commission shall have 14 days from the date Event Trading's brief is filed to file its brief in reply.

8. The Court shall schedule a hearing on the motion on a date convenient for the Court following the close of briefing.

DATED: February 9, 2017                                         DATED: February 9, 2017

*/s/Judith L. Anderson*                                         */s/ Lowell Lee Carson, Jr.*
Judith L. Anderson                                              Lowell Lee Carson, Jr.
Attorney for Plaintiff                                          Attorney for Relief Defendant
SECURITIES AND EXCHANGE COMMISSION                              EVENT TRADING GP, LLC


PURSUANT TO STIPULATION, IT IS SO ORDERED.  A Further CMC is set for Thursday 2/16/17 at 10:30 a.m.
DATED: 2/13/17

*IT IS SO ORDERED AS MODIFIED*
Judge Edward M. Chen
UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

Stipulation
SEC v. Murray
Case 12-cv-1288-EMC
                                    5

Securities and Exchange Commission
44 Montgomery Street, Suite 2800
San Francisco, CA 94104
(415) 705-2500