UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JAMES MICHAEL MURRAY, et al.,<br><br>Defendants. | Case No. 12-cv-01288-EMC<br><br>**ORDER APPROVING SEC'S PROPOSED DISTRIBUTION PLAN**<br><br>Docket No. 208 |

Defendant James Murray was charged with making misrepresentations to investors in his Market Neutral Trading Funds and for wire fraud. *See* Crim. Docket Nos. 1, 203. He was convicted on all counts. *See* Crim. Docket No. 348. In the criminal action, it was determined that Defendant fraudulently raised over $2.5 million from various investors in the fund. The total losses to investors during this period, based on the SEC's review, was $2,457,964. However, only $361,339.76 were ultimately recovered. The SEC now moves for approval of a plan to re-distribute the recovered funds to defrauded investors. This matter is appropriate for resolution without a hearing. *See* Local Civ. R. 7-1(b). The motion hearing and Further CMC scheduled for August 16, 2018 are **VACATED**.

The Court has broad discretion to approve a proposed distribution plan if it is fair and reasonable. *See S.E.C. v. Wang*, 944 F.2d 80, 85 (2d Cir. 1991). Here, the SEC proposes that the available funds be allocated to the investors *pro rata* based on their losses, specifically, based on their investment in Market Neutral Trading less any funds they have received from other sources. *See* Ellis Decl., Ex. A (proposed distribution plan). There are only 9 defrauded investors, whose losses (after accounting for amounts they have received from other sources) range from $144,000

to $750,000 each. *See* Ellis Decl., Ex. B (table of investors, their losses, and their proposed pro rata distribution). Assessed on a pro rata basis, their recovery will range from $14,455.53 to $108,455.54 each. *Id.* The distribution plan accounts for a $5,900 reserve for taxes and fees and the expenses of the Tax Administrator.

The Court finds that the proposed plan is fair and reasonable. It treats "all victims of the fraud . . . equally" based on the amount of their loss. *United States v. Real Property Located at 13328 and 13324 State Highway 75 North*, 89 F.3d 551, 553 (9th Cir. 1996). The plan ensures that no investor will receive a windfall by offsetting amounts they have received from other sources; thus, no investor will recoup more than the amount of their loss. *See S.E.C. v. Capital Consultants, LLC*, 397 F.3d 733 (9th Cir. 2005) (affirming offset to investor recovery under distribution plan in order to avoid the "inequitable distribution of assets [that would] recogniz[e] more loss than the[] [investors] actually suffered").

Thus, the SEC's motion for approval is **GRANTED.** Further, the Court **APPROVES** the SEC's request to appoint Keshia W. Ellis, an SEC attorney, to administer and implement the distribution plan because the number of victims is small, the amount of available funds is low, and the use of an SEC attorney will expedite the distribution process and avoid costs and expenses that might be incurred by appointing a third-party, reducing the recovery to investors. The Clerk of the Court is authorized to disburse the Distribution Fund following receipt of an unredacted payment file from the SEC.

This order disposes of Docket No. 208. The SEC shall notify the Court once the distribution is complete or file a status update in 90 days so that the case may be closed.

**IT IS SO ORDERED**.

Dated: July 30, 2018

_____
EDWARD M. CHEN
United States District Judge

2